OPINION OF THE COURT
Mark C. Dillon, J.
*917 On or about March 4, 2005, the plaintiff, State Farm Mutual Automobile Insurance Company, as subrogee of Jeffrey M. Alíese, commenced this action against the defendants, City of White Plains and Edward Hess, Jr. The complaint alleges that on or about November 14, 2004, in the City of White Plains, an automobile owned by Alíese, plaintiffs subrogor, was damaged by the City’s agents, servants and/or employees. State Farm evidently insured the Alíese vehicle and paid out $5,067.15 as a result of the accident. In this subrogation action, it seeks to recover that amount from the City and Hess.
The defendants now move for an order pursuant to CPLR 3017 (c) striking the monetary ad damnum clause contained in the complaint on the ground that section 3017 (c) specifically precludes a specific monetary prayer for relief. An affidavit of service dated May 16, 2005 indicates that plaintiffs counsel was served by mail with a copy of the motion papers. To date, the plaintiff has neither submitted opposition papers, moved for other relief nor sought an adjournment of the return date.
The language of CPLR 3017 (c) is clear and unequivocal. In personal injury and wrongful death actions, a pleading may contain only a general prayer for relief. The instant subrogation action appears to be limited to a property damage claim as the complaint alleges only damage to Allese’s vehicle, with no mention of personal injuries. Thus, a logical reading of section 3017 (c) indicates that a plaintiff with a pure property damage cause of action is not prohibited from pleading a money figure.
The municipal defendants also argue that the plaintiff is specifically prohibited by section 3017 (c) from pleading a monetary figure in any action against a municipality. Prior to 2003, such was the case. However, in 2003, the Legislature amended section 3017 (c) to, inter aha, omit the reference to actions against municipalities (L 2003, ch 694, § 1). Evidently, this specific reference was omitted because the overall prohibition against monetary ad damnum clauses was extended in 2003 to all personal injury and wrongful death actions, thereby insulating all defendants, including municipalities, from initial monetary demands in those types of cases. (See, CPLR 3017 [c]; Siegel, 2004 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3017:ll, C3017:12, C3017:13, 2005 Pocket Part, at 70.)
The Legislature did not extend the prohibition against pleading a specific monetary figure to property damage actions, ostensibly because in property actions, damages are more readily *918 ascertainable. In a subrogation action such as this, the argument for striking the monetary ad damnum clause is even less compelling, since the damages sought by State Farm are already well known as being the amounts it actually paid to its insured under the policy. -
Accordingly, the defendants’ motion to strike the monetary ad damnum clause from the complaint, although unopposed, is nonetheless denied based upon the legal authority discussed above.
As an aside, the court notes that the amount of damages sought by the plaintiff is $5,067.15, which is well within the monetary jurisdiction of the White Plains City Court. The court was initially inclined to remove this action, sua sponte, to the White Plains City Court pursuant to CPLR 325 (d) and 22 NYCRR 202.13 (b). However, it has chosen not to do so since the Judges of the White Plains City Court would likely need to recuse themselves since they are employees of the defendant, City of White Plains.
On the basis of the foregoing, it is hereby ordered that the defendants’ motion for an order striking the monetary ad damnum clause is denied.